IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                            CASE NO.  16-05404

JOHNNEL PEREZ HERNANDEZ                           CHAPTER  13
DAMARIS E. CARDONA

    Debtors

JOHNNEL PEREZ HERNANDEZ                           ADV. PROC. 17 - 00268
DAMARIS E. CARDONA

    Plaintiff(s)

vs.
CLINTON MCINTYRE FOUDATION;
CLINTON J. MCINTYRE;
JOHN DOE;  JANE DOE
INSURANCE CO. X, Y, Z

    Defendants

OPINION AND ORDER

This adversary proceeding is before the court upon defendants' motion to dismiss the complaint for failure to state a plausible claim for relief under Fed. R. Civ. P. 12(b)(6), made applicable to bankruptcy by Fed. R. Bankr. P. 7012, alleging that the complaint makes conclusory allegations regarding the identities of the defendants, and which are contradicted by facts included in the bankruptcy case by the plaintiffs.  Defendants allege that there is confusion between Mr. Clinton McIntyre and the Clinton McIntyre Foundation. Plaintiffs oppose the motion to dismiss alleging that the pleadings in the complaint do establish that the defendants filed before the Registrar of the Property a lien over debtors' property after the filing of the petition on July 7, 2016. Plaintiffs contend that reference to both defendants stems from the information in the proofs of claim filed by the defendants, that is, claims number 14 and 15.  Plaintiffs conclude that the

-1-

defendants knowingly violated the automatic stay provisions of section 362(a) of the Bankruptcy Code.

Jurisdiction

This court has jurisdiction over the instant proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

Standard Motion to Dismiss Under Section 12(b)(6)

The purpose of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is to assess the legal feasibility of a complaint, not to weigh the evidence which the plaintiff offers or intends to offer." Velez Arcay v. Banco Santander de P.R. (In re Velez Arcay), 499 B.R. 225, 230 (Bankr.D.P.R.2013), citing Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2nd Cir.1984); Citibank, N.A. v. K–H Corp., 745 F.Supp. 899, 902 (S.D.N.Y.1990).

Fed.R.Civ.P. 8(a)(2), applicable to adversary proceedings through Fed. R. Bankr.P. 7008, mandates that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Although detailed factual allegations are not required, the Rule does call for sufficient factual matter". Surita Acosta v. Reparto Saman Inc. (In re Surita Acosta), 464 B.R. 86, 90 (Bankr.D.P.R.2012).

Therefore, to survive a Fed.R.Civ.P. 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556, 127 S.Ct. 1955. The Twombly standard was further developed in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), advising lower courts that "determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679, 129 S.Ct. 1937. "In

keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679, 129 S.Ct. 1937. In sum, allegations in a complaint cannot be speculative and must cross "the line between the conclusory and the factual". Peñalbert–Rosa v. Fortuño–Burset, 631 F.3d 592, 595 (1st Cir.2011) . "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio–Hemandez v. Fortuño–Burset, 640 F.3d 1, 11 (1st Cir.2011).

In Schatz v. Republican State Leadership Committee, 669 F.3d 50, 55 (1st Cir.2012), the U.S. Court of Appeals for the First Circuit (the "First Circuit") established a two-step standard for motions to dismiss under Fed.R.Civ.P. 12(b)(6). Step one: isolate legal conclusions. Step two: take the complaint's well-pleaded (non-conclusory) allegations as true, drawing all reasonable inferences in favor of the plaintiff and determine if they plausibly narrate a claim for relief. Also see Pérez v. Rivera (In re Pérez), 2013 WL 1405747 at *3, 2013 Bankr. LEXIS 1561 at **9–10 (Bankr.D.P.R.2013); Zavatsky v. O'Brien, 902 F.Supp.2d 135, 140 (D.Mass.2012); Guadalupe– Báez v. Pesquera, 819 F.3d 509, 514 (1st Cir.2016).

The Complaint

The complaint prays the court to award compensatory and punitive damages for the alleged violations of the automatic stay provisions and to order the Registry of the Property to "eliminate" the lien object of the adversary proceeding. The named defendants are described as follows: codefendant The Clinton McIntyre Foundation is a trust represented by its trustee Kenneth Lopez Rios and/or Clinton J. McIntyre; codefendant Clinton John McIntyre is one and the same person as The Clinton McIntyre Foundation.

On July 7, 2016 the plaintiffs filed a voluntary Chapter 13 petition and included in Scheduled A to be the registered owners with legal tittle over real property located at Carr. 125,

km. 10.9, Bo. Rocha, Sector Lasalle, Moca, Puerto Rico. As of petition date the property had only one mortgage lien, a promissory note payable to the bearer in the amount of $32,000.00. A registrar certification dated June 20, 2016 was attached to the complaint in support of the allegation.

Defendants were included as creditors in the amounts of $17,187.02 and $92,265.00. Defendants filed proof of claim 14 in the amount of $13,127.48 and proof of claim number 15 in the amount of $92,265.73.

Plaintiffs allege in the complaint that defendants with full knowledge of the bankruptcy petition and the provisions of the automatic stay, filed on November 4, 2016, before the Registrar of the Property the mortgage deed from which the $92,265.00 arose.

The key paragraph in the complaint and the one to which the motion to dismiss refers is number 9. The same reads as follows:

> 9. Notwithstanding that Defendants recognized on its proof of claim #15, the unsecured nature of its claim, willfully and against the provisions of the Bankruptcy Code, with full knowledge of Plaintiff's bankruptcy petition and therefore their protection under the automatic stay, filed on November 4, 2016, before the Registry of the Property the mortgage deed from which the $92,265.00 debt arose. (See presentation receipt, page 16 of Claim #15).

The court notes that the presentation receipt attached to the complaint is the same that was included as supporting documentation to both POC 15-1 on November 9, 2016 and to POC 15-2 on March 21, 2018, and that both claims were filed as unsecured. Thus, there appear to be no misrepresentations by the creditor, and contrariwise, there was full disclosure of the situation.

Plaintiffs allege that Debtors' attorney notified the defendants that the deed was presented in violation of the automatic stay, and allegedly, no action was taken. The deed was allegedly registered and thus, the property appears encumbered by such lien.

Proof of Claim 14

Proof of Claim ("POC") 14-1 was filed on November 7, 2016 as a secured claim in the amount of $13,127.48, including arrears of $13,127.48, by Clinton J. McIntyre Foundation (also named Clinton McIntyre). The supporting documentation included the same certificate from the Registrar of the Property as the one attached to the complaint. An amended claim, POC 14-2, was filed on November 9, 2016 for the same amount and also claiming to be secured. However, the amount of arrears was changed to the amount of $2,713.74. The supporting documentation included the same certificate from the Registrar of the Property as the one attached to the complaint and to POC 14-1. POC 14 has not been objected.

Proof of Claim 15

Proof of Claim ("POC") 15-1 was filed on November 9, 2016 as an unsecured claim in the amount of $92,265.73 by Clinton J. McIntyre Foundation (also named Clinton McIntyre). The supporting documentation included the same certificate from the Registrar of the Property as the one attached to the complaint and to POC 14-1 and POC 14-2. It also included a presentation receipt of a deed in the amount of $115,000.00 presented on November 4, 2016. The presentation receipt describes the nature of the deed and the data of the presenter. POC 15-1 was withdrawn on March 21, 2018, albeit under an incorrect case number, but filed in this case. POC 15-2 was filed on March 21, 2018, also as an unsecured claim for $92, 265.73, and including essentially the same supporting documentation.

The Confirmed Plan

The confirmed chapter 13 plan dated September 20, 2016 provides for the payment of secured arrears to Clinton McIntyre Foundation in the amount of $2,713.74 and to maintain regular payments directly to Clinton McIntyre Foundation. The amount of arrears to be paid to Clinton McIntyre Foundation corresponds to the amount in amended POC 14-2.

Discussion

After a close scrutiny of the allegations in the complaint and the strict standards under which a motion to dismiss must be measured, the court concludes that the complaint does present

a plausible claim for relief as it appears from defendants' own representations that the deed corresponding to claim number 15 was presented post-petition. Also, the POCs filed in this case list as the current creditor "Clinton McIntyre Foundation" and in the provision "Other names the creditor used with this debtor" list Clinton McIntyre. Thus, the reference to both in the complaint indistinctly is no clear misrepresentation of identities.

Notwithstanding the above, the court has inferred from the above documents that there has been adequate disclosure by the defendants and that no undue advantage has been taken as the POC 15 was filed as an unsecured claim and, as such, is being dealt with in the confirmed plan, which is binding. Consequently, under this scenario, there is no significant adverse economic effect on the plaintiffs.

Conclusion

In view of the foregoing, the defendants' motion to dismiss is hereby denied. It is further ordered that the parties meet and explore settlement. If no agreement is reached and filed within 30 days, the court will schedule a pretrial conference.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of October 2018.

Enrique S. Lamoutte
United States Bankruptcy Judge

-6-